IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-00903-PAB-BNB

JEAN STEELE, as the widow of Irvin J. Steele, and
MICHAEL STEELE, as Personal Representative of the Estate of Irvin Steele,

     Plaintiff(s),

v.

PRIDE MOBILITY PRODUCTS CORPORATION,

     Defendant.

---

## PROTECTIVE ORDER

THIS MATTER COMES BEFORE THE COURT on the Motion of Defendant Pride

Mobility Products Corporation to enter a Protective Order with respect to Confidential

Information that Pride will provide or disclose during the course of the case. Having read the

Motion, and being fully advised in the premises, the Court enters the following Order:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, which the producing or disclosing party (either the Plaintiffs or the Defendants in this case) has designated as "CONFIDENTIAL" pursuant to the terms of this Order.  The party designating information as CONFIDENTIAL shall be referred to as the "Designating Party."  The party receiving information designated as CONFIDENTIAL shall be referred to as the "Receiving Party."

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that the Designating Party believes in good faith is confidential or proprietary, including information which implicates common law and/or statutory privacy interests of current or former employees of the Designating Party or proprietary information of the Designating Party.

4. CONFIDENTIAL information obtained by a Receiving Party from a Designating Party shall not be disclosed or used for *any* purpose except the preparation and trial of this case.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Designating Party, or further Order of the Court, be disclosed *except* as provided in this Protective Order.  CONFIDENTIAL information may be disclosed to:

a.  attorneys actively working on this case;

b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.  the parties, including designated representatives for the entity defendants;

d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.  insurance employees of any insurer for any party;

f.  the Court and its employees ("Court Personnel");

g.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

h.  deponents, witnesses, or potential witnesses; and

i.  other persons by written agreement of the parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed or described in Paragraph 1, subparts (d), (h) and (i) above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and, if good cause is established, shall be subject to in camera review by the Court.

6.  At the time of destruction or re-delivery of any such CONFIDENTIAL information, a written declaration shall be executed by any persons who have had access to the

CONFIDENTIAL information, stating that they have complied with the provisions of this Protective Order.

7. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement or other resolution of this action, the Parties' attorneys shall destroy or return all CONFIDENTIAL information produced under the terms of this Protective Order to the attorneys who produced the CONFIDENTIAL information.  The Parties' attorneys shall further provide to counsel for the opposing Party at the time of such destruction or redelivery a written acknowledgment representing compliance with the terms of this Protective Order.

8. A Receiving Party may disclose CONFIDENTIAL Information in response to a lawful summons or subpoena, provided that prior to responding to such a summons or subpoena, a copy thereof shall be provided to counsel for the Designating Party as soon as practicable after service, so that the Designating Party may have an opportunity to seek a protective order or other appropriate order.

9. Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL" at the time the documents are disclosed and/or produced to another party or, in the case of documents produced in electronic format, identification by the Designating Party in a document provided at the time of disclosure and/or production.

10. Whenever a deposition involves the disclosure or use of CONFIDENTIAL information, the deposition or portions thereof shall be designated by the Designating Party as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever

possible, but a Designating Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of CONFIDENTIAL information by giving written notice to the Designating Party identifying the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the objection notice is received, it shall be the obligation of the Designating party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL, and no presumption shall arise from the fact that the information has been designated as CONFIDENTIAL.

12. Counsel for the parties represent that each has informed their respective client that counsel's signature on this Protective Order is binding on the parties and their agents, officers, employees or other representatives involved in the litigation and that each has the full and complete authority of their client to sign this Protective Order.

13. This Protective Order shall govern the use of CONFIDENTIAL Information in and during all phases of this action up to, but not including, the trial.  By agreeing to this Protective Order, the parties do not waive and fully reserve any and all rights they have or may have to seek and/or object to orders governing or otherwise addressing the use of CONFIDENTIAL Information at trial.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. The parties may seek sanctions from the Court against any party who fails to comply with the terms of this Protective Order.  ~~Such sanctions shall be subject to the Court's discretion, but may include any sanctions allowed under Fed. R. Civ. P. 37, an injunction, and/or reasonable attorney fees and costs incurred in having to seek compliance with this Protective Order.~~

16. In the event that either Party makes an inadvertent disclosure of materials falling within the scope of the attorney-client privilege, the Disclosing Party, upon notice to the Receiving Party, shall have the right to rescind the inadvertent disclosure and assert the privilege with respect to the disclosed material.

Dated September 13, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge